**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                                      :
**VIACOM INTERNATIONAL INC.,**                    :                **Case No.**
                                                                      :
    **Plaintiff,**                            :
                                                                      :                **COMPLAINT**
**v.**                                                             :
                                                                      :                **Jury Trial Demanded**
                                                                      :
**IJR CAPITAL INVESTMENTS, LLC**                 :
                                                                      :
                                                                      :
    **Defendant.**                           :
- - - - - - - - - - - - - - - - - - - - -- - - - - - - - - - X

    Plaintiff, Viacom International Inc., files this Complaint against Defendant, IJR Capital Investments, LLC, and alleges the following:

## I.
## Parties

1.     Plaintiff, Viacom International Inc. ("Viacom"), is a corporation organized and doing business under the laws of the State of Delaware.  Viacom's principal place of business is 1515 Broadway, New York, NY 10036.

2.     Defendant, IJR Capital Investments, LLC ("IJR" or "Defendant"), is a limited liability company organized and doing business under the laws of the State of Texas.  Upon information and belief, IJR's principal place of business is 5555 West Loop South, Bellaire, Texas 77401.

## II.
## Jurisdiction and Venue

3.     This is a civil action for false designation of origin, dilution, unfair competition, and refusal of registration under the Lanham Act, including 15 U.S.C. § 1125 (a) and (c)(1), dilution under

the Tex. Bus. & Comm. Code § 16.103, and common law trademark infringement, unfair competition, false designation of origin and unjust enrichment.

4.      This Court has subject matter jurisdiction over Viacom's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over Viacom's claims under state law pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2) because Defendant is a resident of Harris County, Texas and upon information and belief, all or most of the events giving rise to this action took place in Harris County, Texas.

## III.
## Factual Background

### *Viacom's SpongeBob SquarePants Trademarks*

6.      Viacom, through its division Viacom Media Networks, owns and operates the Nickelodeon television programming services.

7.      "SpongeBob SquarePants" is a popular Nickelodeon television show that premiered in 1999.  "SpongeBob SquarePants" has become an extremely valuable media franchise, which includes two feature films, a comic book series, original music, video games, significant related merchandise and theme park rides.

8.      Viacom owns a family of trademarks relating to the "SpongeBob SquarePants" franchise (the "SpongeBob Marks"), and has devoted tremendous resources to the creation, development and marketing of these marks.

9.      As a result of Viacom's efforts, the SpongeBob Marks have acquired distinction, recognition and substantial goodwill in the United States and throughout the world.

10.     The "Krusty Krab" is a well-known fictional fast food restaurant in the "SpongeBob SquarePants" franchise.  It has appeared in 249 episodes of the television series, beginning with

the pilot episode, and also appeared in both "SpongeBob SquarePants" feature films.  The "Krusty Krab" will also be featured in the upcoming Broadway play "The SpongeBob Musical." A representative depiction of the "Krusty Krab" restaurant appears immediately below.



11.     The "Krusty Krab" is owned by Eugene H. Krabs, a prominent and recurring character in the SpongeBob universe.  SpongeBob SquarePants works at the "Krusty Krab" as a fry cook, but he also performs a myriad of other duties, and once stated that his official title is "Vice Assistant General Manager in charge of certain things."  The "Krusty Krab" is the scene of many comical exchanges between SpongeBob and his co-worker, Squidward Tentacles.  SpongeBob loves his job and considers Squidward a close friend; Squiward hates his job and does not like SpongeBob.

12.      "Krusty Krab"'s chief competitor is the "Chum Bucket," which is owned by Sheldon J. Plankton, Mr. Krabs' worst enemy.  "The "Krusty Krab" maintains an advantage over the "Chum Bucket" based upon the popularity of its "Krabby Patty" burger.

13.     Viacom has capitalized on the popularity of the "Krusty Krab" over the years.  For example, Viacom has licensed for manufacture and sale toy "Krusty Krab" playsets; "Krusty

Krab" cake decorations; "Krusty Krab" aquarium ornaments; "Krusty Krab" magnet sets; "Krusty Krab" costumes; and a video game called "SpongeBob SquarePants:  Creature from the Krusty Krab." Viacom has also published books called "Jokes from the Krusty Krab" and "Trouble at the Krusty Krab!"   "Krusty Krab" apparel, including shirts and baseball hats, are sold at The SpongeBob Store in Universal Studios, Orlando, Florida.   Representative samples of these products, including a Krusty Krab cake topper, the cover of the "Jokes from the Krusty Krab" book, and a Lego® Krusty Krab playset are shown immediately below.

  

14.     Viacom has also capitalized on the "Krabby Patties" name by, for example, obtaining an incontestable federal registration for the KRABBY PATTIES mark in International Class 30, U.S. Registration Number 2900693.  Viacom continues to license items for manufacture and sale under the KRABBY PATTIES name, including gummy candy called "SpongeBob SquarePants Giant Krabby Patties."

15.     Based upon Viacom's many years of use, the public equates the "Krusty Krab" name with Viacom and the SpongeBob SquarePants franchise.  Viacom's "Krusty Krab" mark is referred to herein as the "Viacom Trademark."

16.     Given Viacom's extensive use of the "Krusty Krab" mark in a wide variety of trade channels -- and the fact that the "Krusty Krab" is a restaurant in the SpongeBob universe -- it is within the zone of natural expansion of Viacom's business to operate in restaurant services.

### IJR's Use of the KRUSTY KRAB Mark

17.     On December 3, 2014, Defendant filed an application to register the trademark THE KRUSTY KRAB in Class 43 (Restaurant Services), Serial Number 86470477 (the "Infringing Mark").

18.     Upon information and belief, the Infringing Mark has not yet registered.

19.     Upon information and belief, Defendant is operating or preparing to operate a restaurant called "The Krusty Krab" in Texas, and promoting that restaurant via social media.

20.     On November 23, 2015, upon discovering Defendant's trademark application and apparent use of the Infringing Mark, Viacom sent a cease and desist letter to Defendant, demanding that Defendant withdraw its trademark application and agree not to use the "Krusty Krab" name or any other SpongeBob Mark in connection with its restaurant services.  (Viacom's letter to Defendant is attached hereto as Exhibit A.)

21.     By letter dated November 25, 2015, Defendant's counsel rejected Viacom's demands, arguing that "[Defendant's] use of the [Infringing Mark] would not infringe any supposed right of Viacom" and stating that it "declines to cease use."  (Defendant's response letter is attached hereto as Exhibit B.)

### Defendant is Attempting to Trade on the Goodwill of the SpongeBob Marks

22.     Defendant's use of the Infringing Mark -- which is identical in appearance and sound to the Viacom Trademark -- creates a high likelihood of confusion as to the source of the Infringing Mark and Defendant's corresponding services.

23.    By using the Infringing Mark in commerce, Defendant is attempting to trade off of the goodwill and reputation of the "SpongeBob SquarePants" media franchise and the strength of the Viacom Trademark.

24.    Upon information and belief, at the time Defendant filed its application to register the Infringing Mark and began using the Infringing Mark, it had actual knowledge, or should have known, of Viacom's longstanding use of the Viacom Trademark.

25.    Upon information and belief, Defendant has acted with the intent to cause dilution, blurring and tarnishing of the Viacom Trademark.

26.    Defendant's conduct gives rise to the following causes of action.

## VI.
## CAUSES OF ACTION

### COUNT ONE
### False Designation of Origin in Violation of the Federal Lanham Act

27.    Viacom realleges and incorporates by reference the allegations of the preceding Paragraphs 1–26 of this Complaint as if fully set forth herein.

28.    Through Defendant's use of the Infringing Mark in connection with restaurant services, Defendant has falsely designated and misrepresented the origin, sponsorship, or approval of such services.

29.    Pursuant to 15 U.S.C. § 1125(a), such acts are likely to cause confusion or mistake and likely have confused and deceived potential and actual customers into believing that the services offered by Defendant are affiliated with, sponsored by, or connected with Viacom.

30.    Defendant's continued use of the Infringing Mark causes a high likelihood of deception and confusion to actual and potential consumers in a material manner influential to customers' purchasing decisions for restaurant services.

31.     As a direct and proximate result of Defendant's actions, Viacom has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

## COUNT TWO
### Unfair Competition in Violation of the Federal Lanham Act

32.     Viacom realleges and incorporates by reference the allegations of the preceding Paragraphs 1–31 of this Complaint as if fully set forth herein.

33.     Through Defendant's use of the Infringing Mark in connection with its restaurant services, Defendant is passing off its services as those of Viacom's in a manner that is false, misleading, and misrepresentative of the nature, characteristics, and quality of Viacom's services.

34.     Defendant's acts are likely to cause confusion or mistake, and likely have confused and deceived potential and actual customers into believing that the services offered by Defendant are affiliated with, sponsored by, or somehow connected with Viacom.

35.     As a direct and proximate result of Defendant's actions, Viacom has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

36.     Under 15 U.S.C. § 1125(a), Defendant's acts constitute unfair competition by passing off its services for those of Viacom.

## COUNT THREE
### Dilution in Violation of the Federal Lanham Act

37.     Viacom realleges and incorporates by reference the allegations of the preceding Paragraphs 1–36 of this Complaint as if fully set forth herein.

38.     Through Viacom's long-standing and extensive use and consumer recognition, the SpongeBob Marks including the Viacom Trademark are famous and have acquired distinctiveness.

39.     Defendant's recent adoption and use of the trademark "The Krusty Krab" occurred after the Viacom Trademark was famous.

40.     Under 15 U.S.C. § 1125(c)(1), Defendant's use of "The Krusty Krab" has caused and is likely to cause dilution by blurring and tarnishing the Viacom Trademark.

41.     Defendant's willful intent to trade on the recognition of the famous Viacom Trademark in restaurant services will harm the reputation of the famous Viacom Trademark.

42.     As a direct and proximate result of Defendant's actions, Viacom has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

**COUNT FOUR**
**Trademark Infringement in Violation of Texas Common Law**

43.     Viacom realleges and incorporates by reference the allegations in paragraphs 1-42 as if fully set forth herein.

44.     Viacom has a valid, legally protectable interest in the trademark KRUSTY KRAB.

45.     Defendant used Viacom's trademark in commerce to identify its own services.

46.     Defendant did not have Viacom's consent, permission or license to use its KRUSTY KRAB trademark.

47.     Defendant used the Viacom Trademark with the intent to confuse consumers regarding the origins of Defendant's services.

48.     Defendant's use of the Viacom Trademark has caused consumer confusion, and will continue to cause consumer confusion, regarding the origins of Defendant's products and services and has diminished Viacom's goodwill and ability to control what is sold under its trademarks.

49.     Defendant's conduct constitutes trademark infringement in violation of Texas common law.

50.     Defendant's acts have caused, and will continue to cause, Viacom to suffer damages.

**COUNT FIVE**
**Dilution under Tex. Bus. & Comm. Code § 16.103**

51.     Viacom realleges and incorporates by reference the allegations of the preceding Paragraphs 1–50 of this Complaint as if fully set forth herein.

52.     Through Viacom's long-standing and extensive use and the subsequent consumer recognition, the Viacom Trademark is famous (as defined in Tex. Bus. & Comm. Code § 16.103) and has acquired distinctiveness.

53.     Defendant's adoption and use of the name "The Krusty Krab" has caused and is likely to cause dilution by blurring and weakening the Viacom Trademark.

54.     Defendant's willful intent to trade on the famous Viacom Trademark in restaurant services threatens to harm the reputation of the famous Viacom Trademark.

55.     As a direct and proximate result of Defendant's actions, Viacom has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

**COUNT SIX**
**Unjust Enrichment under Texas Common Law**

56.     Viacom realleges and incorporates by reference the allegations of the preceding Paragraphs 1–55 of this Complaint as if fully set forth herein.

57.     Through Defendant's use of the Infringing Mark, it has used the significant goodwill and consumer recognition inherent in the Viacom Trademark as a stepping stone to launch its own restaurant and gain business.

58.     Through Defendant's use of the Infringing Mark, Defendant's marketing efforts have benefited and they have profited financially, and are likely to continue benefiting and profiting, by leading customers to believe that Defendant's "The Krusty Krab" restaurant is affiliated with Viacom.

59.     As a direct and proximate result of Defendant's actions, Viacom has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

## COUNT SEVEN
### False Designation of Origin Under Texas Common Law

60.     Viacom realleges and incorporates by reference the allegations of the preceding paragraphs 1–59 of this Complaint as if fully set forth herein.

61.     Through Defendant's use of the Infringing Mark in interstate commerce in connection with Defendant's restaurant services, Defendant has falsely designated those services as affiliated with Viacom.

62.     Defendant's use of the Viacom Trademark has the capacity to materially deceive potential customers, and is likely to cause confusion, or to cause mistake, or to deceive as to the origin of Defendant's restaurant services.

63.     As a result of Defendant's false designation of its restaurant services, Viacom has suffered, and will continue to suffer, damages, including damage to its goodwill and reputation.

## COUNT EIGHT
### Common Law Unfair Competition

64.     Viacom realleges and incorporates by reference the allegations of the preceding Paragraphs 1–63 of this Complaint, inclusive as if fully set forth herein.

65.     Defendant's use of the trademark "The Krusty Krab" constitutes unfair competition under the common law of the State of Texas.

66.     Through Defendant's use of the Infringing Mark in connection with its restaurant services, Defendant is passing off its services as those of Viacom's in a manner that is false, misleading, and misrepresentative of the nature, characteristics, and quality of Viacom's services.

67.     As a direct and proximate result of Defendant's actions, Viacom has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

## COUNT NINE
### Refusal of Registration

68.     Viacom realleges and incorporates by reference the allegations of the preceding Paragraphs 1–67 of this Complaint, inclusive as if fully set forth herein.

69.     This Court has the power under 15 U.S.C. § 1119 (Lanham Act § 37) and 28 U.S.C. § 2201 to determine Defendant's right to registration of the trademark THE KRUSTY KRAB.

70.     Defendant's Infringing Mark THE KRUSTY KRAB, the subject of Application Serial No. 86470477, so resembles the Viacom Trademark as to be likely to cause confusion, or to cause mistake, or to deceive.  Registration should therefore be refused under 15 U.S.C. § 1052(d).

71.     Defendant's Infringing Mark THE KRUSTY KRAB is likely to cause dilution by blurring or dilution by tarnishment of the famous Viacom Trademark, and registration should be refused under 15 U.S.C. § 1125(c).

72.     Viacom petitions the Court to order the PTO to refuse registration of the applications for Defendant's Infringing Mark, Serial No. 86470477, pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 2201.

## V.
### PRAYER FOR RELIEF

For all of the foregoing reasons, Viacom asks for judgment against Defendant in the following form:

(a)     Permanent injunction under 15 U.S.C. §§ 1116 and 1125(a) and (c)(1), and Tex. Bus. & Comm. Code § 16.103(c), barring Defendant, and its officers, agents, employees, and all persons acting on Defendant's behalf from:  (i) using "The Krusty Krab," or any other similar

variation or phonetic equivalent, in connection with its restaurant services; (ii) advertising or marketing "The Krusty Krab," or any other similar variation or phonetic equivalent, in signage, menus, letterhead, business cards, marketing materials, websites or social media; and (iii) publicly representing, or otherwise stating or implying, that Defendant or its services are in any way affiliated with Viacom;

(b)  An injunction ordering Defendant, pursuant to 15 U.S.C. §§ 1118 and 1125(c)(5), to deliver for destruction all advertising materials or any other items bearing "The Krusty Krab" or its equivalent;

(c) An award of Defendant's profits, damages, and costs under 15 U.S.C. §§ 1117(a) and 1125(c)(5) and Tex. Bus. & Comm. Code § 16.103(c);

(d) Equitable relief including unjust enrichment, constructive trust, and disgorgement of profits;

(e) That the Court determine that Defendant is not entitled to registration of the trademark THE KRUSTY KRAB, and certify an order pursuant to 15 U.S.C. § 1119 refusing registration of application Serial No. 86470477 to the PTO Director, who shall make appropriate entry upon the records of the PTO and shall be controlled thereby;

(f) An award to Viacom of its reasonable attorneys' fees and the costs of this action, under 15 U.S.C. §§ 1125(c)(5) and 1117(a) and Tex. Bus. & Comm. Code § 16.103(c); and

(g) All other relief the Court deems appropriate at law and in equity.


## VI.
## JURY DEMAND

Viacom demands a trial by jury on all issues so triable.

12

Respectfully submitted,

Date:  January 29, 2016

_s/Stephen P. Meleen_

Stephen P. Meleen
Attorney-in-Charge
Texas Bar No. 00795776
Southern District of Texas Bar No. 24154
PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, TX  78701
Telephone: (512) 322-5200
Facsimile:  (512) 322-5201

**ATTORNEY FOR PLAINTIFF
VIACOM INTERNATIONAL INC.**

Of Counsel:

Tyson D. Smith
Texas Bar No. 24079362
Federal Bar No. 2016979

PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Telephone:  (512) 322-5200
Facsimile:  (512) 322-5201