EXHIBIT B



LAW OFFICES OF
MANDOUR & ASSOCIATES
INTELLECTUAL PROPERTY LAW

BEN T. LILA
blila@mandourlaw.com

100 WILSHIRE BOULEVARD, SUITE 940
SANTA MONICA, CALIFORNIA 90401
TEL: (310) 656-3900
FAX: (310) 656-3990
WWW.MANDOURLAW.COM

November 25, 2015

**VIA EMAIL**

Andrew Hughes
Counsel
Viacom
1515 Broadway
New York, NY 10036
Telephone: (212) 846-7619
Email: andrew.hughes@viacom.com

Re:  **KRUSTY KRAB Trademark**
     Our File No.: IJR Capital/6001.02-004

Dear Mr. Hughes:

We represent IJR Capital Investments, LLC ("IJR") and are responding to your letter dated November 23, 2015 regarding IJR's trademark KRUSTY KRAB. Please direct all correspondence in this matter to the undersigned.

Please be advised that IJR respects the intellectual property rights of others and therefore takes the allegations contained in your letter very seriously. After due consideration, we disagree with your claim that any purported right of Viacom International Inc. ("Viacom") has been infringed. IJR would in no way appear to be affiliated with Viacom.

As a threshold matter, we note your letter does not cite any actual use of the KRUSTY KRAB trademark by Viacom in commerce with any specific goods or services. Thus, we are not aware of any basis for Viacom's purported rights. We further note no application or registration by Viacom exists.

© 2015 Mandour & Associates, APC

Andrew Hughes
Counsel
Viacom
November 25, 2015
Page 2


Notwithstanding the foregoing, IJR's use of the trademark would not infringe any supposed right of Viacom. As you know, trademarks must be compared to determine if they are related or if the activities surrounding their marketing are such that consumer confusion as to origin is likely. *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979). IJR was not aware of any trademark claim of rights by Viacom when it selected its trademark. Although you have not identified any goods and services associated with the KRUSTY KRAB, we note that IJR's services, consumers, and channels of trade are distinguishable from Viacom's and the SpongeBob Marks. Moreover, consumers are likely to have a high degree of care when purchasing IJR's goods and services. IJR is further unaware of any actual consumer confusion. Finally, IJR has no intention of using any intellectual property similar to the SPONGEBOB trademark.

Based on the forgoing, our client rejects Viacom's claim of a likelihood of consumer confusion and respectfully declines to cease use. Absent a further response we will consider the matter closed.

Please be advised that nothing herein shall constitute an admission of any kind, or a waiver or relinquishment of any rights, claims or defenses, which our client may have regarding this matter, all of which are expressly reserved.


Respectfully,

Ben T. Lila, Esq.
Mandour & Associates, APC


BTL/lan
cc: IJR Capital Investments, LLC

© 2015 Mandour & Associates, APC